IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KERRY CREAMER,

    Petitioner,

vs.                                                        Case No. 4:12cv524-LC/CAS

FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On September 22, 2012, Petitioner Kerry Creamer, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On June 26, 2013, Respondent filed an answer, with exhibits.  Doc. 16.  Thereafter, Petitioner submitted additional filings and letters.  *See* Docs. 18, 19, 20, 22.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration of all issues raised, the undersigned has determined that no evidentiary hearing is required for disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts.  For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## State Court Proceedings

By information filed April 22, 2008, in the Second Judicial Circuit, Franklin County, in case number 08000107CFMA, the State of Florida charged Petitioner Kerry Creamer with one count of sale or possession of Alprazolam (Xanax) with intent to sell within 1000 feet of a church, a second degree felony, in violation of section 893.13(1)(e)2., Florida Statutes, in connection with events that took place on or about February 28, 2008.  Doc. 16 Ex. A at 6.  In another information filed the same day, the State charged Creamer, in case number 08000108CFMA, with one count of trafficking in Hydrocodone, a first degree felony, in violation of section 893.135(1)(c)1.c., Florida Statutes, in connection with events that took place on or about March 6, 2008.  *Id.* at 127.  And, in a third information also filed the same day, the State charged Creamer, in case number 08000109CFMA, with one count of trafficking in Hydrocodone, a first degree felony, in violation of section 893.135(1)(c)1.b., Florida Statutes, in connection with events that took place on or about March 27, 2008.  *Id.* Ex. B at 276.

On February 11, 2009, Creamer entered no contest pleas in all three cases, submitting a "Plea and Acknowledgment of Rights" form, with the understanding that the State agreed to his adjudication of guilt and sentence of sixty (60) months in prison.  *Id.* Ex. A at 27-28.  In accordance with the plea agreement, in judgment and sentences rendered that same day, the state trial court accepted the plea, adjudicated Creamer guilty, and sentenced him to five (5) years in prison for each offense, to run concurrent.  *Id.* at 33-42; *Id.* Ex. B at 155-64, 304-20.

On February 22, 2009, Creamer moved to withdraw the pleas in each case. *Id.* Ex. A at 50; Ex. B at 172-73, 321-22. At a hearing held November 30, 2009, however, Creamer, represented by counsel, moved to withdraw the motion to withdraw the pleas, and the court granted that motion, closing the cases. *Id.* Ex. C at 412-13.

Creamer appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D09-6146, and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), indicating no good faith argument could be made that reversible error had occurred. *Id.* Ex. D. Creamer filed a pro se brief. *Id.* Ex. E. On November 10, 2010, the First DCA per curiam affirmed the case without a written opinion. *Id.* Ex. F. Creamer sought rehearing, which was denied. *Id.* Ex. G. The mandate issued February 15, 2011. *Id.* Ex. H.

Creamer sought discretionary review in the Florida Supreme Court, assigned case number SC11-333. *Id.* Ex. I. That court dismissed his petition for lack of jurisdiction on February 17, 2011. *Id.*

On February 28, 2011, Creamer filed his first § 2254 petition, assigned case number 4:11cv91. The court dismissed the petition without prejudice because Creamer had not exhausted his claims in state court.

On March 17, 2011, Creamer filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 16 Ex. J at 3-6. By order dated May 31, 2011, the state post-conviction trial court found Creamer's allegations conclusory and legally insufficient, and allowed him thirty (30) days to file a facially sufficient motion. *Id.*

at 8-10.  Creamer filed an amended Rule 3.850 motion.  *Id.* at 17-21.  In an order dated February 17, 2012, the state court summarily denied the amended motion.  *Id.* at 31-37.

On March 15, 2012, Creamer filed a second § 2254 petition, assigned case number 4:12cv133.  The court dismissed that petition without prejudice for failure to exhaust.

Creamer appealed the denial of his Rule 3.850 motion to the First DCA, and he filed a brief in the case, assigned number 1D12-1158.  *Id.* Exs. K, L, M, N.  Creamer ultimately withdrew his initial brief.  *Id.* Ex. N.  The First DCA affirmed the case per curiam without a written opinion on August 13, 2012.  *Id.* Ex. P.  The First DCA denied Creamer's motion for rehearing, *id.* Ex. Q, and issued the mandate on October 9, 2012, *id.* Ex. R.

As indicated above, on September 22, 2012, Creamer filed the instant, his third, § 2254 petition in this Court.  Doc. 1.  Creamer raises four grounds:

> (1) Violation of due process where an illegal confidential informant testified he received a contingency fee in exchange for his testimony and cooperation.  *Id.* at 4.
>
> (2) Violation of section 914.14, Florida Statutes, where the confidential informant testified under oath that he received a bribe in exchange for his testimony.  *Id.*
>
> (3) "Entrapment under due process," where the confidential informant testified "to receive cash contingency and bribe" in deposition on January 26, 2009.  *Id.* at 5.
>
> (4) Prosecutorial misconduct for allowing police to buy witness loyalty and illegal use of confidential informant.  *Id.*

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).  This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

For federal habeas purposes, a nolo contendere plea is treated the same as a guilty plea.  *See* North Carolina v. Alford, 400 U.S. 25, 35-37 (1970); *see also, e.g.*, Florida v. Royer, 460 U.S. 491, 495 n.5 (1983) (noting that, under Florida law, "a plea of nolo contendere is equivalent to a plea of guilty").  "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range of competence demanded of attorneys in criminal cases.'" Tollett v. Henderson, 411 U.S. 258, 266 (1973) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); *see, e.g.*, Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) ("A knowing and voluntary guilty plea waives all constitutional challenges to a conviction.").  A defendant who enters a plea may not raise claims relating to alleged deprivations of constitutional rights that occurred prior to entry of the plea, but rather such a defendant may only attack the voluntariness of the plea by showing counsel's advice fell below the McMann standard:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standard set forth in McMann.

Tollett, 411 U.S. at 267.  The U.S. Supreme Court has further explained:

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.  Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.  If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

United States v. Broce, 488 U.S. 563, 569 (1989); see Mabry v. Johnson, 467 U.S. 504, 508 (1984) ("It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked."); Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [the plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").  The Court indicated exceptions to this general rule exist "where on the face of the record the court had no power to inter the conviction or impose the sentence."  Broce, 488 U.S. at 569.

### Ground 1: Due Process Violation - Confidential Informant & Contingency Fee

In his first ground, Creamer asserts a violation of due process because an "illegal" confidential informant testified in a deposition taken January 26, 2009, that "he

received a contingency fee in exchange for his testimony/cooperation." Doc. 1 at 4. Creamer cites two cases: "Glossan vs. State" and "Williamson vs. State." Doc. 1 at 4.

Respondent indicates Creamer raised this argument in the pro se brief filed in his direct appeal, after his counsel filed an Anders brief. Doc. 16 at 6; *see* Doc. 16 Ex. E at 3. As Respondent also indicates, the only authority Creamer cited there, and here, is state law. Doc. 16 at 8; *see* State v. Glosson, 462 So. 2d 1082 (Fla. 1985). Thus, Creamer did not exhaust a federal claim in state court and it is now procedurally barred.

Moreover, as Respondent also indicates, by entering his plea, Creamer waived any due process violation that occurred before the plea. *See* Doc. 16 at 6-7; Tollet, 411 U.S. at 267. Indeed, as set forth above, Creamer first entered his plea on February 11, 2009, and then moved to withdraw the plea. At a subsequent hearing, in November 2009, Creamer, represented by counsel, withdrew his motion to withdraw the plea, and the court granted that motion and closed the cases.

The transcript of the hearing reflects that Creamer entered his nolo contendere plea knowingly and willfully with the advice of counsel, and he does not specifically contend otherwise in this proceeding. *See* Doc. 16 Ex. C at 345-89 (transcript of plea hearing held February 11, 2009); *see id.* at 411-13 (transcript of hearing on motion to withdraw plea held on November 30, 2009). Accordingly, his plea forecloses consideration of the first ground raised in this § 2254 proceeding as that claim concerns non-jurisdictional pre-plea events. *See, e.g.*, Stewart v. Tucker, No. 3:09cv452-LAC/EMT, 2011 WL 5983944 at *9 (N.D. Fla. Nov. 16, 2011) ("A voluntary and intelligent guilty plea forecloses federal collateral review of alleged constitutional errors

preceding the entry of the plea. Non-jurisdictional defects that are waived by an unconditional plea of guilty include constitutional challenges that do not implicate the knowing and voluntary nature of the plea." (citations omitted)); Hill v. Sec'y, Dep't of Corr., No. 8:08cv1294-T-17MAP, 2009 WL 3852913 at *4 (M.D. Fla. Nov. 18, 2009) ("It is well-established state and federal law that guilty or nolo contendere pleas waive all but jurisdictional claims up to the time of the plea.").

### Ground 2: Violation of Section 914.14, Florida Statutes

In his second ground, Creamer alleges a violation of section 914.14, Florida Statutes, occurred because the confidential informant "testified under oath [that] he received a bribe," resulting in "illegal use" of a confidential informant. Doc. 1 at 4. Creamer appears to assert that the confidential informant testified in the deposition taken January 26, 2009, that he "was paid cash after buy testimony." *Id.*

As Respondent indicates Creamer raised this argument in the pro se brief filed in his direct appeal, after his counsel filed an Anders brief. Doc. 16 at 10; *see* Doc. 16 Ex. E at 3. Again, the only authority Creamer cites is state law. Moreover, as with Ground 1, this ground was waived by Creamer's entry of a plea. *See* Doc. 16 at 10; Tollet, 411 U.S. at 267.

### Ground 3: Due Process Violation – Entrapment

In his third ground, Creamer alleges the confidential informant "testified to receive cash contingency and bribe" in violation of Munoz v. United States. Doc. 1 at 5. Creamer alleges the confidential informant "was paid cash to provide evidence [and] testify against [him]," also resulting in police misconduct, as indicated in the deposition

taken January 26, 2009. *Id.* As with Grounds 1 and 2, this ground was waived by Creamer's entry of a plea. See <u>Tollet</u>, 411 U.S. at 267.

### Ground 4: Prosecutor Misconduct

In his fourth ground, Creamer alleges prosecutorial misconduct "for allowing police to buy witness loyalty" and "illegal use" of a confidential informant. Doc. 1 at 5. Creamer alleges the prosecution knew the "witness was paid cash for cooperation/ testimony," a "gross violation of law," as indicated in the January 26, 2009, deposition, and the "court refuse[d] to allow them to be heard." *Id.* As with his other grounds, this ground was waived by his entry of a plea. See <u>Tollet</u>, 411 U.S. at 267.

### Conclusion

Based on the foregoing, Petitioner Kerry Creamer is not entitled to federal habeas relief. The § 2254 petition (Doc. 1) should be denied.

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000)

(explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner Creamer's § 2254 petition (Doc. 1).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on May 28, 2015.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**